```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :    18-cr-284-8 (JSR)
         -v-                         :
                                     :    MEMORANDUM ORDER
TORREN STUBBS,                       :
                                     :
         Defendant.                  :
                                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

The Court has received an undated, one-page pro se letter from Torren Stubbs requesting "2 for 1 days harsh time credit time off because of the pain and suffering [he] went through since March 2020" during the COVID-19 pandemic. Pro Se Letter, ECF No. 233. The Court construes this to be a request for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

This statute permits a court to "reduce but not eliminate a defendant's prison sentence," as Stubbs requests. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). However, Stubbs has

1

not demonstrated entitlement to such relief, for at least two reasons.

First, Stubbs has not shown that he requested relief from the warden of his facility. See 18 U.S.C. § 3582(c)(1)(A). This requirement is waivable in certain circumstances when "strict enforcement of the 30-day waiting period would not serve . . . Congressional objectives." United States v. Haney, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020). However, Stubbs does not contend that he faces an imminent risk of serious illness or death from COVID-19, so the Court finds no basis for waiving the administrative exhaustion requirement.

Second, Stubbs has not demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence. Stubbs' request for "2 for 1 days harsh time credit" is not without basis. As this Court has elsewhere explained, the "constant lockdowns and other unusually severe conditions of confinement necessary to reduce the risk of COVID infection in the close quarters of a prison . . . mak[e] the conditions of confinement harsher, both physically and psychologically, than they would otherwise normally be." United States v. Henareh, -- F. Supp. 3d --, No. 11-cr-93-1 (JSR), ECF No. 153, at 13 (S.D.N.Y. Jan. 13, 2021). Given the unexpectedly harsh sentences prisoners have been serving during the pandemic, perhaps the political branches ought

to consider a "2 for 1 days harsh time credit," as Stubbs proposes, for all federal prisoners.

But this Court can grant no such relief, except in extraordinary and compelling circumstances. To be sure, in some cases the Court has found that a substantial risk of illness and death due to COVID-19 is an extraordinary and compelling reason warranting a partial reduction in a defendant's sentence. See id.; United States v. Garcia, -- F. Supp. 3d, No. 11-cr-989 (JSR), 2020 WL 7212962 (S.D.N.Y. Dec. 8, 2020). And Stubbs does allege that he is at increased risk from COVID-19 because he suffers from obesity and hypertension. However, Stubbs is far from alone. Based on the 2011-2012 National Inmate Survey conducted by the Bureau of Justice Statistics, within state and federal institutions, "the majority of prisoners (74 percent) and jail inmates (62 percent) were overweight, obese or morbidly obese."[1] Similarly, "[a] history of high blood pressure was the most common chronic condition reported by prisoners (30 percent) and jail inmates (26 percent) in 2011–12."[2]

More importantly, Stubbs is only 30 years old, and obesity and hypertension appear to be substantially less serious risk

---

[1] Bureau of Justice Statistics, BJS Survey Finds 40 Percent of Prison and Jail Inmates Reported Current Chronic Medical Problems, https://www.bjs.gov/content/pub/press/mpsfpji1112pr.cfm (last accessed Jan. 13, 2021).

[2] Id.

factors than age.  The Centers for Disease Control and Prevention ("CDC") has only said that hypertension "might" be a risk factor; given this uncertainty, hypertension is obviously less severe a risk factor than age.[3]  The CDC has expressed greater certainty that obesity is a risk factor.[4]  Even so, preliminary data suggests that it is a less significant factor than age.  A study of more than 7000 COVID-19 patients across 88 hospitals found that even severe obesity increases a person's risk of death, as compared to a non-obese person of the same age, by less than half.[5]  By contrast, the CDC has found that the risk that COVID-19 will cause death for a person aged 65 and older, as compared to someone in her 30s, is more than 20 times greater.[6]

Put simply, during this pandemic elderly inmates face the same risk Stubbs faces, many times over.  Granting a sentence reduction to every inmate with obesity and hypertension -- already

---

[3] CDC, Certain Medical Conditions and Risk for Severe COVID-19 Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (last accessed Jan. 13, 2021).

[4] Id.

[5] See Nicholas S. Hendren, et al., Association of Body Mass Index and Age with Morbidity and Mortality in Patients Hospitalized With COVID-19, 143 CIRCULATION 135 (Jan. 12, 2021) ("BMI ≥ 40 kg/m$^2$ was associated with significantly increased risk of in-hospital death in those ≤50 years old [with a Hazard Ratio of 1.36].").

[6] CDC, Older Adults and COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed Jan. 13, 2021).

an enormous fraction of the prison population -- would all but require a sentence reduction for all elderly inmates as well. This would expand 18 U.S.C. § 3582(c)(1)(A) far beyond its terms and far beyond Congress's purpose. Cf. United States v. Haney, 454 F. Supp. 3d 316, 323 (S.D.N.Y. 2020) (declining to grant compassionate release to a 61-year-old inmate based on age alone).

For these reasons, Stubbs' request for a reduction in sentence is denied.

SO ORDERED.

Dated:   New York, NY
         January 19, 2021

_____
United States District Judge